UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEITH MONTEREY,

                Plaintiff,

                -against-                   **AMENDED COMPLAINT**

THE CITY OF NEW YORK, SGT. WILLIAM HART,    **JURY TRIAL DEMANDED**
Shield No. 1510, Tax. Id. 922483, Individually and in his
Official Capacity, P.O. DANIEL ESTEVEZ, Shield No.    **ECF CASE**
17986, Individually and in his Official Capacity, P.O.
ROGER SAVAGE, Shield No. 6638, Individually and in
his Official Capacity, SGT. JOEL MEDINA, Shield No.
4334, Individually and in his Official Capacity, and P.O.s
"JOHN DOE" #1-10, Individually and in their Official
Capacity (the name John Doe being fictitious, as the true
names are presently unknown),

                Defendants.

------------------------------------------------------------------X

      Plaintiff KEITH MONTEREY, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows that:

## PRELIMINARY STATEMENT

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff KEITH MONTEREY is an African American male and has been at all relevant times a resident of New York County in the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned SGT. WILLIAM HART, P.O. DANIEL ESTEVEZ, P.O. ROGER SAVAGE, SGT. JOEL MEDINA, and P.O.s JOHN DOE #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

13. On or about April 17, 2016, plaintiff KEITH MONTEREY was lawfully in the vicinity of 1st Ave. and E. 120th St. New York, NY, when a friend of his had a medical emergency requiring medical attention from Emergency Medical Technicians ("EMTs").

14. At the aforesaid time and place, Mr. Monterey calmly approached a police officer – upon information and belief, defendant HART – to ask if he could retrieve his friend's personal belonging before his friend was transported to the hospital.

15. At this time, without any warning or justification, this defendant officer – upon information and belief, defendant HART – forcefully shoved Mr. Monterey to the ground. At no time prior to shoving Mr. Monterey to the ground did this officer ever direct him to back up, move away, or give him any directives whatsoever.

16. Immediately thereafter, despite the fact Mr. Monterey had done nothing wrong and was not engaged in any criminal activities, several other officers – upon information and belief, defendants HART, ESTEVEZ, SAVAGE and/or MEDINA – began to violently assault him by repeatedly punching and kicking him about the body and/or were present when this assault occurred and did not intervene to stop it.

17. Subsequently, Mr. Monterey's arms were tightly handcuffed behind his back by, upon information and belief, defendant ESTEVEZ, and he was searched and thrown into a police vehicle.

18. Thereafter, claimant was transported to a nearby police precinct where he was fingerprinted, photographed, searched, and charged with Obstructing Government Administration, Resisting Arrest, Disorderly Conduct, and Harassment.

19. At no time on April 17, 2016, did the plaintiff resist arrest, harass anyone, obstruct government administration, act in a disorderly manner, or behave unlawfully in any way.

20. At no time on April 17, 2016, did defendants HART, ESTEVEZ, SAVAGE and/or MEDINA, possess reasonable suspicion and/or probable cause to arrest plaintiff.

21. At no time on April 17, 2016, did defendants HART, ESTEVEZ, SAVAGE and/or MEDINA possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

22. Thereafter, defendants – upon information and belief, HART, ESTEVEZ, SAVAGE and/or MEDINA – confined Mr. Monterey in a holding cell without his consent at a police precinct for several hours before he was taken to Metropolitan Hospital for medical treatment.

23. After receiving medical treatment, claimant was transported to Central Booking where he was further detained in a holding cell until he was released following criminal court arraignment.

24. In connection with the plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office – namely, the defendants – upon information and belief, HART, ESTEVEZ,

SAVAGE, and/or MEDINA – falsely informed prosecutors that: 1) Mr. Monterey shoved defendant Hart in the chest multiple times, driving him backwards; 2) Mr. Monterey's conduct caused a crowed to form around defendant Hart, preventing defendant Hart from performing the crowd-control duties to which he was assigned at that time. In addition, defendant Hart falsely informed the New York County DA's Office that as he was placing Mr. Monterey under arrest, Mr. Monterey pinned his arms beneath his body making it difficult to place him in handcuffs.

25. As a result of his unlawful arrest, Mr. Monterey spent approximately eighteen (18) hours and twenty-two (22) minutes in custody before being released following criminal court arraignment.

26. Subsequently, Mr. Monterey made approximately five (5) court appearances before all charges against him were adjourned in contemplation of dismissal on January 30, 2017.

27. In addition, as a result of this unlawful arrest, Mr. Monterey missed approximately ten (10) days of work. Further, as a result of the violent assault perpetrated by defendants HART, ESTEVEZ, SAVAGE, and/or MEDINA during this unlawful arrest (and/or their failure to intervene to stop same), Mr. Monterey suffered multiple physical injuries, including but not limited to, injuries to his shoulder, finger, and face.

28. As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

36. As a result of the aforesaid conduct by defendants HART, ESTEVEZ SAVAGE and/or MEDINA, plaintiff was subjected to illegal, improper and false arrest by the defendants HART, ESTEVEZ, SAVAGE, and/or MEDINA, taken into custody, and caused to be falsely imprisoned, detained, illegally searched and confined, without any probable cause, privilege or consent.

37. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

39. Defendants – upon information and belief, HART, ESTEVEZ, SAVAGE and/or MEDINA – created false evidence against the plaintiff.

40. Defendants –upon information and belief, HART, ESTEVEZ, SAVAGE and/or MEDINA –  forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office – namely, the defendants  – upon information and belief, HART, ESTEVEZ, SAVAGE and/or MEDINA –  falsely informed prosecutors that: 1) Mr. Monterey shoved defendant Hart in the chest multiple times, driving him backwards; 2) Mr. Monterey's conduct caused a crowed to form around defendant Hart, preventing defendant Hart from performing the crowd-control duties to which he was assigned at that time. In addition, defendant Hart falsely informed the New York County DA's Office that as he was placing Mr. Monterey under arrest, Mr. Monterey pinned his arms beneath his body making it difficult to place him in handcuffs.

41. Defendants – upon information and belief, HART, ESTEVEZ, SAVAGE and/or MEDINA – misled the prosecutors by creating false evidence against the plaintiff and thereafter providing the aforementioned false statements throughout the criminal proceedings.

42. In creating false evidence against the plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants – upon information and belief, defendant HART, ESTEVEZ, SAVAGE and/or MEDINA – violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

43. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

45. The level of force employed by defendants – upon information and belief, HART, ESTEVEZ, SAVAGE, and/or MEDINA – was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

46. As a result of the foregoing, plaintiff sustained, inter alia, bodily injuries, including, but not limited to, abrasions to his head and face, facial pain, injury to his shoulder, injury to his fingers, injury to his eye, strains, sprains, and swelling of his hands and wrists, which required medical treatment.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

48. The defendants – upon information and belief, HART, ESTEVEZ, SAVAGE, and/or MEDINA – had an affirmative duty to intercede when plaintiff's constitutional rights were

being violated in their presence by the use of excessive force and by misrepresenting and falsifying evidence regarding the circumstances surrounding plaintiff's arrest throughout all phases of the criminal proceedings.

49. Defendants – upon information and belief, HART, ESTEVEZ, SAVAGE, and/or MEDINA – further violated plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

50. As a result of the defendants' – upon information and belief, HART, ESTEVEZ, SAVAGE, and/or MEDINA – failure to intercede when plaintiff's constitutional rights were being violated in defendants' – upon information and belief, HART, ESTEVEZ, SAVAGE, and/or MEDINA – presence, plaintiff sustained, *inter alia*, physical and emotional injuries, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### SIXTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

51. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

      i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

  ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

  iii. fabricating evidence in connection with their prosecution in order to cover up police misconduct;

  iv. handcuffing all hospitalized prisoners for the entirety of their hospitalization regardless of their risk of flight or safety risk to others;

  v. utilizing excessive force in effectuating arrests.

  vi. keeping arrestees handcuffed during hospitalization even when they pose no risk of flight or danger to the safety of others; and

  vii. failing to intercede to prevent violations of plaintiff's constitutional rights

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

57. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

58. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

59. The acts complained of deprived the plaintiff of his right:

      a.     Not to be deprived of liberty without due process of law;

      b.     To be free from seizure and arrest not based upon probable cause;

      c.     Not to have summary punishment imposed upon him; and

      d.     To receive equal protection under the law.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       March 14, 2018

BY: _____/S_____
JOSHUA FITCH
GERALD COHEN
ILYSSA FUCHS
COHEN & FITCH LLP
*Attorneys for Plaintiff*
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
jfitch@cohenfitch.com
gcohen@cohenfitch.com
ifuchs@cohenfitch.com