UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KEITH MONTEREY,[1]

                                    Plaintiff,

              -against-

SGT. WILLIAM HART, Shield No. 1510, Tax. Id. 922483, Individually and in his Official Capacity, P.O. ROGER SAVAGE, Shield No. 6638, Individually and in his Official Capacity.

                                    Defendants.

**JOINT PRE-TRIAL ORDER**

**17 CV 04477 (VEC)**

------------------------------------------------------------------------X

       The undersigned attorneys affirm and declare that this Joint Pre-Trial Statement is submitted in conformity with the Individual Rules of Judge Valerie E. Caproni.

    **i.**        **Full Caption**:

            MONTEREY KEITH

                              Plaintiff,

              -against-

            SGT. WILLIAM HART and DET. ROGER SAVAGE,

                              Defendants.

    **ii.**       **Trial Counsel Information:**

      a.  *Counsel for Plaintiff*:

          Gerald Cohen
          Ilyssa Fuchs
          Cohen & Fitch, LLP
          225 Broadway, Suite 2700

---

[1] Plaintiff's actual name is Monterey Keith but his name was inadvertently reversed in the caption as "Keith Monterey." The parties will be entering into a stipulation prior to trial to amend the caption.

      New York, New York 10007
      Tel: (212) 374-9115
      Fax: (332) 777-2172

  b. *Counsel for Defendants:*[2]

      Hannah V. Faddis
      New York City Law Department
      100 Church Street
      New York, NY 10007
      Tel: (212) 356-2486
      Fax: (212) 356-1148

**iii.** **A brief statement by plaintiff as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

Plaintiff's Statement: This is a civil action under 42 U.S.C. § 1983. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the United States Constitution and civil rights laws of the United States. Plaintiff has laid venue of this action in this court based upon the location of the incident.

Defendants' Statement:

Defendants do not contest subject-matter jurisdiction.

**iv.** **A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries shall also identify all claims and defenses previously asserted which are not to be tried. The summaries should not recite any evidentiary matter.**

**Plaintiff's Statement**

Plaintiff claims that on April 17, 2016, defendant police officers falsely arrested him and then further deprived him of his liberty by forwarding false information to the District Attorney's office about the events that took place that evening in an effort to cover up their own misconduct. Further, plaintiff claims that during the arrest the defendant officers used excessive force in effectuating his arrest and/or failed to intervene to prevent other officers from using excessive force. As a result of the foregoing, plaintiff was detained in filthy jail cells, under abominable

---

[2] Additional trial counsel will be assigned closer to trial.

conditions, for more than eighteen (18) hours. Thereafter, plaintiff had to appear in court, on approximately five (5) separate occasions, over the course of nine (9) months, to fight the false charges lodged by defendants. Further, during the arrest plaintiff sustained physical injuries, including a slight tear in his left shoulder rotator cuff and a sprain to his glenohumeral ligament in the same shoulder amongst pain to his eyes and the rest of his body. Plaintiff also missed several days of work as a result of this incident, which resulted in the loss of pay. Notwithstanding the fabricated evidence, after months of appearing in court, plaintiff's case was ultimately dismissed and sealed on July 28, 2017.

   1. *Claims to be Tried:*

      a. **False Arrest. 42 U.S.C. §1983.** False arrest actions under Section 1983 are governed by state law. Shaw v. City of New York, et al., 1997 WL 187352, at *3 (S.D.N.Y. 1997) (citing Singer v. Fulton County Sheriff, 63 F.3d 110, 114 (2nd Cir.1995), cert. denied, 517 U.S. 1189 (1996). As such, the New York Court of Appeals has held that in order to establish a claim for false arrest, plaintiff must prove that (1) the defendant intended to confine him; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. See Broughton v. State of New York, 37 N.Y.2d 451 (N.Y. 1975). Further, when an arrest is made without a warrant, "the officer has acted extrajudicially and the presumption arises that such an arrest and imprisonment are unlawful." Id. at 458. Since plaintiff's arrest was made without a warrant, defendants have the burden to prove that it was supported by probable cause. See id; see also Raysor v. Port Auth. of N.Y. & N.J., 768 F.2d 34, 39-40 (2d Cir. 1985). Here, there is no dispute that defendants intended to confine plaintiff and that he was aware of his confinement. Further, if plaintiff's version of events is credited, the arrest was not privileged or justified.

      b. **Denial of Fair Trial. 42 U.S.C. § 1983.** Separate and distinct from a false arrest claim, plaintiff has also claimed a denial of a right to a fair trial. See Garnett v. Undercover Officer C0039, 838 F.3d 265, 278 (2d Cir. 2016) ("Because probable cause is no defense to a denial of the right to a fair trial claim, fair trial claims cover kinds of police misconduct not addressed by false arrest or malicious prosecution claims."). In order to prevail on such a claim, plaintiff needs to prove that: 1) the defendants provided false information to a prosecutor; 2) that is likely to influence a jury's decision; and 3) that plaintiff was deprived of liberty as a result. See Jocks v. Tavernier, 316 F.3d 128, 138 (2d Cir. 2003); see also, Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997)("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial..."); Long v. New York City, 2016 WL 4203545, at *3 (S.D.N.Y. 2016)("fabricated information [that is] repeated in the criminal complaint," are unquestionably "adequate" to sustain a fair trial claim."). As noted above, plaintiff has alleged that the defendants provided false information to prosecutors. As a result of this false

information, plaintiff was arrested and prosecuted over the course of nine (9) months. Further, plaintiff's acceptance of an adjournment in contemplation of dismissal ("ACD") in his criminal case does not bar plaintiff's Fair Trial claim, as McDonough v. Smith, 139 S. Ct. 2149 (2019) *did not add a favorable termination element to a fair trial claim.* See Wellner v. City of New York, et. al., No. 16-Civ-7032 (JGK), 2019 WL 3729806, at *6 (S.D.N.Y. Aug. 8, 2019); Ross v. City of New York, 2019 WL 4805147, at *8 (E.D.N.Y. Sept. 30, 2019)("[T]he Court finds, consistent the well-established rule in this Circuit, that an ACD does not preclude Plaintiff's fair trial claim.")(alteration added); Keller v. Sobolewski, 2012 WL 4863228, * 4 (E.D.N.Y. 2012)("defendants fail in their argument that the plaintiff's claim cannot stand because there has been no 'favorable termination'—this requirement is an element of a claim for malicious prosecution, *not deprivation of a fair trial*"); see also, Parties Joint Letter dated 8/8/19 (Dkt. No. 69) and Plaintiff's Supplemental Letter dated 8/9/19 (Dkt. No. 70).

c. **Excessive Force and Failure to Intercede. 42 U.S.C. § 1983.** Under the law of this Circuit it is generally understood that "[a] police officer is personally involved in the use of excessive force if the officer either: (1) directly participates in an assault; or (2) is present during the assault and fails to intercede on behalf of the victim even though he had a reasonable opportunity to do so." Vesterhalt v. City of New York, 2009 WL 3424122, at *3 (S.D.N.Y. 2009) (citing Ricciuti, 124 F.3d at 129). In order to establish that force was excessive, a plaintiff must prove that "in light of the totality of the circumstances faced by the arresting officer[s], [that] the amount of force used was objectively [un]reasonable at the time." Amnesty Am. v. Town of West Hartford, 361 F.3d 113, 123 (2d Cir.2004) (citing Graham v. Connor, 490 U.S. 386, 397 (1989)); see also, Robison v. Via, 821 F.2d 913, 924 (2d Cir.1987) ("If the force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted were not permanent or severe."). In addition, it is well settled that "[w]hile a *de minimis* injury might be evidence that an officer did not use excessive force, a *de minimis* injury does not always defeat an excessive force claim." Murray v. City of New York, 2017 WL 3309728, at *7 (S.D.N.Y. 2017) (citation omitted); see also, Sash v. United States, 674 F.Supp.2d 531, 539 (S.D.N.Y.2009) ("an injury need not be serious in order to give rise to a constitutional claim."). Here, plaintiff has alleged that the defendant officers either assaulted him without provocation and/or failed to prevent others from assaulting him, resulting in injuries. Moreover, while plaintiff's injuries clearly surpass the *de minimis* threshold, even if they did not, a jury could still find defendants liable for the use of excessive force if they conclude that the underlying arrest was false because "even de minimis force will violate the Fourth Amendment if the officer is not entitled to arrest or detain the suspect." Reese v. Herbert, 527 F.3d 1253, 1272 (11th Cir. 2008); see also Burke v. Cicero Police Dep't, 2010 WL 1235411, at *10 (N.D.N.Y. 2010) ("'*any* force applied [during an unlawful arrest] [is] unconstitutional.'") (emphasis added); Holman v. City of York, PA, 564 F.3d

225, 231 (3d Cir. 2009)(recognizing that plaintiff's "excessive force claim hinges, therefore, on the legality of the initial arrest."). Consequently, since a defendants' right to use some amount of force *only* co-exists with his right to effectuate a *valid* arrest, it follows that if the jury were to find that defendants lacked probable cause for plaintiff's arrest, plaintiff will have established his excessive force claim as a matter of law. Finally, "the failure-to-intervene claim is closely related to—*indeed, derivative of*" plaintiff's excessive force claim. Pierce v. City of New York, 2018 WL 679459, at *2 (E.D.N.Y. 2018); Lin v. Cty. of Monroe, 66 F. Supp. 3d 341, 361 (W.D.N.Y. 2014)("The failure to intervene is a theory of liability that derives meaning from the underlying violation (here, excessive force), *not a separate claim*"). Likewise, if the jury were to find that either one of the individual defendants used excessive force against plaintiff, they would necessarily find that the other individual defendant failed to intervene.

   2. *Claims Previously Asserted:*

a. **All claims against Defendants City of New York, Daniel Estevez, and Joel Medina**. Voluntarily withdrawn pursuant to the parties' stipulation (See Dkt. 53-54).

b. **Plaintiff's claims for false arrest and denial of a fair trial as to Defendant Roger Savage**. Voluntarily withdraw pursuant to Plaintiff's assertion that he will not pursue these claims as to this Defendant (See Dkt. 61 at 1 n.1)

**Defendants' Statement**

   1. *Claims to be Tried*:  The remaining claims to be tried are:

      a. False arrest against Sgt. William Hart;

      b. Excessive force against Sgt. William Hart and Det. Roger Savage;

      c. Failure to intervene against Sgt. William Hart and Det. Roger Savage; and

      d. Denial of the right to a fair trial against Sgt. William Hart.

   2. *Claims Previously Asserted*

      a. Plaintiff previously asserted claims for false arrest against Det. Roger Savage (abandoned and dismissed with prejudice at summary judgment, ECF No. 68), Officer Daniel Estevez, and Sgt. Joel Medina (all claims against Estevez and Medina were voluntarily dismissed with prejudice, ECF No. 68);

  *b.* Plaintiff previously asserted claims for denial of the right to a fair trial against Det. Roger Savage (abandoned and dismissed with prejudice at summary judgment, ECF No. 68), Officer Daniel Estevez, and Sgt. Joel Medina (all claims against Estevez and Medina were voluntarily dismissed with prejudice, ECF No. 68);

  *c.* Plaintiff previously asserted claims for excessive force against, Officer Daniel Estevez, and Sgt. Joel Medina (all claims against Estevez and Medina were voluntarily dismissed with prejudice, ECF No. 68);

  *d.* Plaintiff previously asserted claims for failure to intervene with regard to each alleged constitutional violation against Det. Roger Savage (abandoned and dismissed with prejudice at summary judgment, except with respect to plaintiff's excessive force claim, ECF No. 68), Officer Daniel Estevez, and Sgt. Joel Medina (all claims against Estevez and Medina were voluntarily dismissed with prejudice, ECF No. 68); and

  *e.* Plaintiff previously asserted a claim for municipal liability against the City of New York (voluntarily dismissed, ECF No. 68).

3. ***Defenses to be Tried***:

  a. There was probable cause for plaintiff's arrest;

  b. There was probable cause for plaintiff's prosecution;

  c. Any force used by the defendants against the plaintiff was reasonable;

  d. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants;

  e. Plaintiff has failed to mitigate his damages;

  f. Defendants have not violated any rights, privileges, or immunities under the Constitution or law of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights;

  g. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are entitled to qualified immunity; and

      h. Plaintiff cannot demonstrate that defendants' actions were willful, wanton, or malicious, entitling him to recover any amount as punitive damages.

**v. A statement as to the number of trial days needed and whether the case is to be tried with or without a jury.**

The parties anticipate that the length of the trial will be approximately five (5) days and will be tried with a jury.

**vi. A statement as to whether all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent.**

The parties do not consent to trial by a Magistrate Judge.

**vii. Stipulations or agreed statements of fact or law to which all parties consent.**

The parties have not agreed to any stipulations.

**viii. A statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages.**

      a. Loss of liberty damages, to be determined by a jury. The jury should be instructed that if they find plaintiff was deprived of his liberty as a result of a constitutional violation, then they must award compensatory damages. See Kerman v. City of New York, 374 F.3d 93, 124 (2d Cir. 2004) ("where the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, we have held that the plaintiff is *entitled* to compensatory, *not merely nominal*, damages"); In re Nassau Cnty. Strip Search Cases, 2008 WL 850268, *4 (E.D.N.Y. Mar. 27, 2008) ("'where the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, [it has] held that the plaintiff is entitled to compensatory, *not merely nominal, damages*.'")(emphasis added)(citations omitted); Augustin v. Jablonsky, 819 F. Supp. 2d 153, 157 (E.D.N.Y. 2011)("[If] a jury f[inds] that a constitutional violation unquestionably resulted in an injury to the plaintiff, that plaintiff was entitled to an award of 'compensatory, not merely nominal, damages.'"). Plaintiff does not wish to have the jury consider a nominal damages charge. See Vilkhu v. City of New York, No. 06 Civ 2095 (CPS)**,** 2009 U.S. Dist. LEXIS 16616, *20-21 (E.D.N.Y. March 3, 2009); see also Judge Koeltl's recent decision in Wellner v. City of New York, 16 CV 7032 (JGK), Dkt. No. 206 at 1107-1119, minutes

       from April 25, 2019 hearing where the Court held that plaintiff can elect to not have a nominal damages charge.[3]

   **b.**   Emotional distress damages, to be determined by a jury.

   **c.**   Physical injuries damages, to be determined by a jury. The jury should be instructed as to past and future pain and suffering, past medical expenses, as well as future medical expenses, based on the testimony of plaintiff and his treating physician who will be testifying about his increased risk of future injuries and arthritis as a result of the injury he sustained.[4]

   **d.**   Economic damages regarding plaintiff missing work and medical bills, to be determined by a jury. The jury should be instructed that plaintiff missed approximately sixteen (16) days of work and lost approximately $1,500.00 in wages as a result thereof. The jury should also be instructed that plaintiff was responsible for approximately $1,938.71 related to past his medical treatment.[5]

**ix.** **A statement of whether the parties consent to less than a unanimous verdict**

The parties do not consent to less than a unanimous verdict.

**x.** **A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witnesses' testimony.**

   **a. Plaintiff's Witnesses** (all testimony will be in person, assuming the witness is available at the time of trial):

      1. *Sergeant William Hart, 1 Police Plaza, New York, NY 10007* – expected to testify as to his assignment as on April 17, 2016, and his involvement in plaintiff's arrest and criminal prosecution.

---

[3] Defendants dispute the plaintiff's statement of law with regard to nominal damages, and contend that the jury should be charged that nominal damages may be awarded for loss of liberty. "The jury is <u>not</u> required to award compensatory damages when it finds that a plaintiff was falsely arrested. The burden remains on the plaintiff to prove that the illegal conduct proximately caused the damages the plaintiff seeks." <u>Randolph v. Metro. Transp. Auth.</u>, No. 17cv1433 (DLC), 2019 U.S. Dist. LEXIS 62148, at *24, 2019 WL 1567663 (S.D.N.Y. Apr. 11, 2019) (emphasis added). In <u>Randolph</u>, the Honorable Denise L. Cote decided only last week that a new trial was not required where the jury awarded nominal damages on a section 1983 false arrest claim. Judge Cote ruled that a new trial is not warranted when a jury is instructed that they *could* award plaintiff compensatory damages for loss of liberty, and so instructed. See <u>id.</u> at *26. Like the plaintiff in <u>Randolph</u>, here plaintiff is overextending <u>Kerman</u>. <u>Kerman</u> does not stand for the proposition that "a wrongful arrest automatically entitles [plaintiffs] to compensatory damages." <u>Randolph</u>, 2019 U.S. Dist. LEXIS 62148, at *26.

[4] Defendants object to any testimony from plaintiff or his treating physician which exceeds the scope of opinions set forth in Dr. Jain's prior report.

[5] Defendants object to any claim for economic damages which plaintiff failed to identify or produce evidence of in discovery.

2. *Police Officer Roger Savage, 1 Police Plaza, New York, NY 10007* – expected to testify as to his assignment on April 17, 2016, and his involvement in plaintiff's arrest and criminal prosecution.

3. *Police Officer Daniel Estevez, 1 Police Plaza, New York, NY 10007* – expected to testify as to his assignment arresting officer on April 17, 2016, and his involvement in plaintiff's arrest and prosecution.

4. *Police Officer Robert Kselman, 1 Police Plaza, New York, NY 10007* – expected to testify as to his assignment on April 17, 2016, and his involvement in plaintiff's arrest and prosecution.

5. *Police Officer Ryan Pierce, 1 Police Plaza, New York, NY 10007* – expected to testify as to his assignment on April 17, 2016, and his involvement in plaintiff's arrest and prosecution.

6. *Police Officer Briana Juliano, 1 Police Plaza, New York, NY 10007* – expected to testify as to her assignment on April 17, 2016, and her involvement in plaintiff's arrest and prosecution.

7. *Monterey Keith, 59 Frost Ave. Apt. 1A, Brooklyn, NY 11211* – expected to testify concerning the facts and circumstances of his arrest on April 17, 2016, the subsequent criminal prosecution, and his damages as a result.

8. *Robert Bost, 505 E. 120th St. Apt. 7C, New York, NY 10035* – expected to testify as to his observation of plaintiff during plaintiff's arrest on April 17, 2016, any interaction he may have had with the defendant officers, and any other relevant information related to this case.

9. *Renee Pineda, 175-177 Willis Ave. Apt. 18E, Bronx, NY 10454* – expected to testify as to his observation of plaintiff during plaintiff's arrest on April 17, 2016, any interaction he may have had with the defendant officers, and any other relevant information related to this case.

10. *Darryl Robertson, Address Currently Unknown* – expected to testify as to his relationship with plaintiff and any interaction he may have had with the defendant officers on April 17, 2016, and any other relevant information related to this case.[6]

11. *Dr. Nidhi Jain, M.D., Lenox Hill Radiology, 61 E. 77th St. New York, NY 10075* – expected to testify as to plaintiff's shoulder injury and other matters

---

[6] Defendants object to any testimony from this witness, as he was not previously disclosed.

regarding same as per her October 21, 2018 report and as an authentication witness for medical records provided by her office.[7]

12. *Dr. Alla Zilberman, M.D., 570 Grand St. New York, NY 10003* – expected to testify as an authentication witness for medical records provided by her office, if needed.

13. *A Representative from CityMD Williamsburg, 154 N. 7th St. Brooklyn, NY* – expected to testify as an authentication witness for the medical records provided by their office, if needed.

14. *A Representative from Metropolitan Hospital, 1901 First Ave. New York, NY 10029* – expected to testify as an authentication witness for the medical records provided by the hospital, if needed.

15. *A Representative from New York City Police Department* – expected to testify as an authentication witness for NYPD records, if needed.

16. *Assistant District Attorney Daniel Makofsky or a Representative from New York County District Attorney's Office* – expected to testify about the information provided to their office by the officers involved in plaintiff's arrest, and/or as an authentication witness for the records provided by their office.

*Plaintiff further reserves his right to call any and all defense witnesses listed below and any other rebuttal witnesses not named herein should the need arise at trial, which was not reasonably foreseeable at the time of this order.*

    b. **Defendant's Witnesses** (all testimony will be in person, assuming the witness is available at the time of trial):[8]

       1. Sgt. William Hart;

       2. Det. Roger Savage; and

       3. NYPD Communications Division, Custodian of Records, (to interpret ICAD Event Chronology).[9]

---

[7] Defendants object to any opinion testimony from Dr. Jain beyond the scope of her report already disclosed.

[8] Defendants reserve the right to call any witness identified by the plaintiff.

[9] Plaintiff objects to this witness. Defendants never identified this person as a potential witness during discovery in this matter.

**xi.** **Joint Proposed Requests to Charge, Joint Proposed *Voir Dire*, Joint Proposed Verdict Sheets**

The parties are filing the respective documents under separate cover.

**xii.** **A list by each party of exhibits to be offered in its case in chief, with a description of the type of objection, if any, for each exhibit.**

**a. Plaintiff's Exhibits**

| Exhibit Number | Description | Objection(s), if any | Response |
|---|---|---|---|
| 1. | Memobrook Entries of Sgt. William Hart from April 17, 2016 (DEF 87-88) | FRE 402, 403 | Not prejudicial, relevant to Hart's account of the incident. |
| 2. | Criminal Complaint for plaintiff's arrest on April 17, 2016 (DEF 10-11) | FRE 402, 403, 802, 901 | Non-hearsay statements adopted by defendant, relevant to Hart's account of the incident. |
| 3. | Supporting Deposition of Defendant Hart dated April 21, 2016 (DEF 32) | FRE 402, 403 | Not prejudicial, relevant to Hart's account of the incident. |
| 4. | NYPD ESU Report for plaintiff's arrest on April 17, 2016 (DEF 33-35) | FRE 402, 403 | Not prejudicial, relevant to Hart's account of the incident, party admission. |
| 5. | NYPD Omniform Complaints Report for plaintiff's arrest on April 17, 2016 (DEF 4-6) | FRE 402, 403, 802, 901 | Relevant business record, relevant to Hart's account of the incident. |
| 6. | NYPD Omniform Arrests Report for plaintiff's arrest on April 17, 2016 (DEF 1-3) | FRE 402, 403, 802, 901 | Relevant business record, relevant to Hart's account of the incident. |
| 7. | Memobook Entries of P.O. Daniel Estevez from April 17, 2016 (DEF 44-47) | FRE 402, 403, 802, 901 | Relevant business record, relevant to information provided by Hart. |
| 8. | Memobook Entries of P.O. Roger Savage from April 17, 2016 (DEF 229-230) | FRE 402, 403 | Not prejudicial, relevant to Savage's account |

| | | | |
|---|---|---|---|
| | | | of the incident, party admission. |
| 9. (A-E) | P.O. Roger Savage Twitter:<br><br>A – 12/14/15 Politico "Hands up, don't shoot" Retweet<br><br>B – 11/16/15 "Obama changed his FB profile picture" Post<br><br>C – 11/9/16 "I'm With Her" T-Shirts on the Way Post<br><br>D – 10/2/17 "It's not signed '-H' so she didn't say/tweet it" Post<br><br>E – 12/11/14 "#Ferguson My Lie Did This" Post | FRE 402, 403, 404 | Relevant to credibility and bias. |
| 10. | Memobook Entries of P.O. Robert Kselman from April 17, 2016 (DEF 222-224) | FRE 402, 403, 802, 901 | Relevant business record, relevant information provided by a witness of incident. |
| 11. | Memobrook Entries of Sgt. Ryan Pierce from April 17, 2016 (DEF 225-228) | FRE 402, 403, 802, 901 | Relevant business record, relevant information provided by a witness of incident. |
| 12. | Plaintiff's Certificate of Disposition (DEF 9) | FRE 402, 403, 802, 901 | Hearsay exception official public record, evidence of dismissal relevant to show lack of probable cause. See Broughton v. State, 37 N.Y.2d 451, 458, 335 |

| | | | |
|---|---|---|---|
| | | | N.E.2d 310, 315 (1975) ("evidence of a subsequent dismissal, …. would also be admissible to refute the affirmative defense of justification"). |
| 13. | Partial Video of Plaintiff's Arrest (IMG_0230.MOV) | | |
| 14. | Partial Video of Plaintiff's Arrest (IMG_4547.MOV) | | |
| 15. | Hospital Bill from Metropolitan Hospital | FRE 402, 403, 802, 901, objection to the extent not previously produced | Business Record Relevant to damages. |
| 16. | EMT Bill from FDNY | FRE 402, 403, 802, 901, objection to the extent not previously produced | Business Record Relevant to damages. |
| 17. | NYPD Online Prisoner Arraignment Form (OLPA) for plaintiff's arrest on April 17, 2016 (DEF 7-8) | FRE 402, 403, 802, 901 | Business Record. Relevant to damages. |
| 18. | Criminal Court Action Sheet (DEF 12-16) | FRE 402, 403, 802, 901 | Hearsay exception official public record. Relevant to damages. |
| 19. | NYPD Medical Treatment of Prisoner Form from plaintiff's arrest on April 17, 2016 (DEF 17) | | |
| 20. | DA Data Sheet from plaintiff's arrest on April 17, 2016 (DEF 19-20) | FRE 402, 403, 802, 901 | Party Admission, Business Record, relevant to what information was communicated to the District Attorney's office. |
| 21. | Arrest Info Sheet for plaintiff's arrest on April 17, 2016 (DEF 31) | FRE 402, 403, 802, 901 | Relevant business record, regarding information provided by Hart. |
| 22. | Command Log from plaintiff's arrest on April 17, 2016 (DEF 83) | FRE 402, 403, 802, 901 | Relevant business record, regarding information |

| | | | provided by Hart. |
|---|---|---|---|
| 23. | Plaintiff's Medical Records from CityMD | FRE 402, 403, 802, 901, objection to the extent not previously produced | Business Record, relevant to damages. Also, on Defendants evidence list. |
| 24. | Plaintiff's Medical Records from Dr. Alla Zilberman | FRE 402, 403, 802, 901, objection to the extent not previously produced | Business Record, relevant to damages. |
| 25. | Plaintiff's Medical Records from Metropolitan Hospital | FRE 402, 403, 802, 901, objection to the extent not previously produced | Business Record, relevant to damages. Also, on Defendants evidence list. |
| 26. | Plaintiff's Medical Records from Lenox Hill Radiology | FRE 402, 403, 802, 901, objection to the extent not previously produced | Business Record, relevant to damages. Also, on Defendants evidence list. |
| 27. | Plaintiff's Shoulder MRI Films | FRE 402, 403, 802, 901, objection to the extent not previously produced | Business Record, relevant to damages. |
| 28. | DA Alerts Sheet | FRE 402, 403, 802, 901, objection to the extent not previously produced | Party Admission, Business Record, relevant to what information was communicated to the District Attorney's office. |
| 29. | NYPD Arrest Report for plaintiff's arrest on April 17, 2016 (DEF 28-30) | FRE 402, 403, 802, 901 | Relevant business record, regarding information provided by Hart. |
| 30. | Plaintiff's Whole Foods Paystubs | FRE 402, 403, objection to the extent not previously produced | Relevant to damages. Defendants provided full authorization to get all of Plaintiff's employment records. |
| 31. | Plaintiff's Physical Therapy Records | FRE 402, 403, 802, 901, objection to the extent not previously produced | Relevant to damages. |

| | | | |
|---|---|---|---|
| 32. | Deposition Transcript of Sgt. William Hart[10] | | |
| 33. | Deposition Transcript of P.O. Roger Savage | | |
| 34. | Deposition Transcript of P.O. Daniel Estevez | | |
| 35. | Deposition Transcript of P.O. Briana Juliano | | |
| 36. | Deposition Transcript P.O. Robert Kselman | | |
| 37. | Deposition Transcript of Sgt. Ryan Pierce | | |

*Plaintiff, without waiving his objections, respectfully reserves the right to use and offer into evidence any and all exhibits on defendants list, if such exhibits become relevant and any other exhibits not named herein should the need arise at trial, which was not reasonably foreseeable at the time of this order.*

### b. Defendants' Exhibits[11]

| Exhibit Number | Description | Objection(s), if any | Response |
|---|---|---|---|
| A | Medical Treatment of Prisoner Form (D17) | | |
| B | Metropolitan Hospital Center Records for Plaintiffs (D104-131, and records produced by plaintiff) | | |
| C | City MD Records for Plaintiff (D288-293, records produced by plaintiff) | | |
| D | Westside Radiology Records for Plaintiff (produced by plaintiff) | | |
| E | Lenox Hill Radiology Records for Plaintiff (produced by plaintiff) | | |

---

[10] Plaintiff's Exhibits 32-37 are deposition transcripts to be utilized for impeachment, not affirmatively, identified here as exhibits pursuant to the Court's Individual Rules of Practice, Rule 7(xiv).

[11] Defendants reserve the right to utilize any exhibit listed by the plaintiff.

|   |   |   |   |
|---|---|---|---|
| F | Advantage Care Records for Plaintiff (D95-103, D261-287, and records produced by plaintiff) | | |
| G | Partial Video of Plaintiff's Arrest (IMG_0230.MOV) | | |
| H | Partial Video of Plaintiff's Arrest (IMG_4547.MOV) | | |
| I | NYPD ICAD Event Chronology (D231-243) | Defendants never identified witness being called to testify to authenticate and explain these records. As such, without such witness, these records will only confuse the jury. | |
| J[12] | Deposition Transcript of Plaintiff Monterey Keith | | |
| K | Deposition Transcript of Robert Bost | | |
| L | Deposition Transcript of Rene Pineda | | |

    **xiii.**    **A designation by each party of deposition testimony to be offered in its case in chief and any counter-designations and objections by any other party.**

        a. **Plaintiff:** Plaintiff does not anticipate any deponents who will not be testifying in person at trial. To the extent plaintiff is later informed that any deponent is unavailable, plaintiff will supplement his response and designate testimony at that time.

        b. **Defendants:** Defendants do not intend to utilize any deposition testimony in their case-in-chief and object to the direct use of deposition testimony.

    **xiv.**    **Deposition Transcripts For Designated Testimony**

        a. **Plaintiff:** Plaintiff does not anticipate any deponents who will not be testifying in person at trial. To the extent plaintiff is later informed that any deponent is unavailable, plaintiff will supplement his response and provide highlighted transcripts at that time.

---

[12] Defendants' Exhibits J-L are deposition transcripts to be utilized for impeachment, not affirmatively, identified here as exhibits pursuant to the Court's Individual Rules of Practice, Rule 7(xiv).

  **b. Defendants:** Defendants do not intend to utilize any deposition testimony in their case-in-chief and object to the direct use of deposition testimony, without a showing that the witness is unavailable.

**xv. Deposition Transcripts For Impeachment**

  **a. Plaintiff:** Plaintiff has e-mailed the deposition transcripts of all of the above-mentioned witnesses in text-searchable format and included them as Exhibits 32-37 herein, per Your Honor's rules.

  **b. Defendants:** Defendants will provide deposition transcripts to the Court by email in accordance with the Court's individual rules of practice, and has identified them herein as Exhibits J-L.

Dated: New York, New York
   December 20, 2019

COHEN & FITCH LLP
*Attorney for Plaintiff*
225 Broadway, Suite 2700
New York, New York 10007
Tel: (212) 374-9115
Fax: (332) 777-2172

By: _____/S_____
  GERALD M. COHEN
  ILYSSA S. FUCHS

JAMES E. JOHNSON
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By: _____/S_____
  HANNAH V. FADDIS
  *Senior Counsel*

          SO ORDERED:

          _____
          VALERIE E. CAPRONI, U.S.D.J.