USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__1/30/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

MONTEREY KEITH,

                                  Plaintiff,

                    -against-

SGT. WILLIAM HART and DET. ROGER SAVAGE,

                               Defendants.

------------------------------------------------------------- X

17-CV-4477 (VEC)

<u>JURY INSTRUCTIONS</u>

# JURY INSTRUCTIONS

## Table of Contents

| | | |
|---|---|---|
| **I.** | **INTRODUCTION** .........................................................................................................3 | |
| **II.** | **GENERAL INSTRUCTIONS** .......................................................................................3 | |
| A. | ROLE OF THE COURT ..................................................................................................3 | |
| B. | ROLE OF THE JURY .....................................................................................................4 | |
| C. | ROLE OF COUNSEL / OBJECTIONS .............................................................................4 | |
| D. | SYMPATHY OR BIAS ...................................................................................................5 | |
| E. | BURDEN OF PROOF .....................................................................................................5 | |
| F. | WHAT IS AND IS NOT EVIDENCE ................................................................................6 | |
| G. | DIRECT AND CIRCUMSTANTIAL EVIDENCE ...............................................................7 | |
| H. | WITNESS CREDIBILITY ...............................................................................................8 | |
| I. | BIAS OF WITNESSES ...................................................................................................9 | |
| J. | TAPE RECORDINGS ...................................................................................................10 | |
| K. | ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED ...........................................10 | |
| L. | IMPEACHMENT .........................................................................................................10 | |
| M. | LAW ENFORCEMENT WITNESSES .............................................................................11 | |
| **III.** | **SUBSTANTIVE INSTRUCTIONS** ............................................................................11 | |
| A. | OVERVIEW OF PLAINTIFF'S CLAIMS ........................................................................11 | |
| B. | ELEMENTS OF THE CLAIMS ......................................................................................12 | |
| | 1. | Acting Under Color of State Law .............................................................12 |
| | 2. | Proximate Cause ......................................................................................12 |
| | 3. | Deprivation of a Federal Right .................................................................13 |
| | | a. False Arrest (Hart only) ........................................................ 13 |
| | | b. Excessive Force (Both Defendants) .......................................16 |
| | | c. Failure to Intervene (Both Defendants) ................................17 |
| | | d. Fair Trial Right (Hart Only) ................................................. 18 |

1

1    C.    DAMAGES ...................................................................................................... 20
2          1.    Compensatory Damages .................................................................. 20
3          2.    Nominal Damages ............................................................................ 22
4          3.    Punitive Damages ............................................................................ 22
5          4.    Taxes and Attorneys' Fees .............................................................. 24
6    **IV.    FINAL INSTRUCTIONS ............................................................................ 24**
7    A.    RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT .................... 24
8    B.    NOTES ........................................................................................................... 25
9    C.    DUTY TO DELIBERATE / UNANIMOUS VERDICT ............................................... 25
10   D.    SELECTING A FOREPERSON AND THE FOREPERSON'S DUTIES ............................ 26
11   E.    VERDICT FORM AND RETURN OF VERDICT ..................................................... 26
12   F.    EXCEPTIONS .................................................................................................. 26
13   G.    OATH ............................................................................................................ 27

14

15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41

2

1    **I.    INTRODUCTION**

2          Members of the jury, you have heard all of the evidence.  I am now going to instruct you

3    on the law that governs the case.  There are three parts to these instructions:

4          First, I will provide you with some general instructions about your role and about how

5    you are to decide the facts of the case.  These instructions would apply to just about any trial.

6          Second, I will give specific instructions about the legal rules applicable to this particular

7    case.

8          Third, I will give you instructions on the general rules governing your deliberations.

9          I will read most of this.  It's not my favorite way to communicate with a jury, but because

10   there is a need for precision, it's important that I get the words just right, and so that's why I will

11   be reading.

12         I have provided each of you with a copy of this charge.  If you find it easier to listen and

13   understand while you are reading along, please do so.  If you would prefer, you can just listen.

14   Either way, you will have a copy of the charge with you in the jury room so you can consult it if

15   you want to re-read any portion to facilitate your deliberations.  You will also have a verdict

16   form in the jury room on which to record your verdict.

17   **II.    GENERAL INSTRUCTIONS**

18         **A.    Role of the Court**

19         It is my duty to instruct you on the law, just as it has been my duty to preside over the

20   trial and decide what testimony and evidence is relevant for your consideration.  It is your duty to

21   accept my instructions on the law and to apply them to the facts as you determine them.

22         On legal matters, you must take the law as I give it to you.  You may not substitute your

23   own notions or opinions of what the law is or ought to be.  You should not be concerned about

3

1   the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the

2   law may be – or should be – it would violate your sworn duty to base a verdict upon any view of

3   the law other than that which I give you.

4          If any attorney has stated a legal principle different from what I tell you, you must follow

5   my instructions.  You should not single out any particular instruction as alone stating the law.

6   You should consider my instructions as a whole as you deliberate.

7          You should not infer from anything I have said or done during this trial that I have any

8   view on the credibility of the witnesses or any view about how you should decide the case.  I

9   have no opinion as to the facts or the verdict that you should render in this case.

10  **B.      Role of the Jury**

11         You are the sole and exclusive judges of the facts.  You determine the credibility of the

12  witnesses.  You resolve any conflicts that might exist in the evidence.  You draw whatever

13  reasonable inferences you decide to draw from the facts as you have determined them, and you

14  determine the weight to give the various pieces of evidence.

15         You must base your discussions and decisions solely on the evidence presented to you

16  during the trial and that evidence alone.  You may not consider or speculate on matters not in

17  evidence or matters outside the case.

18  **C.      Role of Counsel / Objections**

19         As I told you at the outset of the case, it is the duty of the attorneys to object when the

20  other side offers testimony or evidence that the attorney believes is not properly admissible.

21  Therefore, you should draw no inference if an attorney objected to evidence.  Nor should you

22  draw any inference from the fact that I might have sustained or overruled an objection.

1        **D.**     **Sympathy or Bias**

2        You are required to evaluate the evidence calmly and objectively, and you must be

3 completely fair and impartial.  Your verdict must be based solely on the evidence introduced at

4 this trial, or the lack of evidence.  The parties in this case are entitled to a trial free from

5 prejudice or bias for or against either side.  Our judicial system works only if you reach your

6 verdict through a completely fair and impartial consideration of the evidence.

7        In deciding the facts of the case, it would be improper for you to consider any personal

8 feelings you may have about any party or any witness, or any other irrelevant factor.  This case

9 must be decided by you as an action between parties of equal standing in the community and of

10 equal worth.  All parties are entitled to the same fair trial.  The Plaintiff and the Defendants stand

11 as equals before the law and are to be dealt with as equals in this Court.

12        **E.**     **Burden of Proof**

13        With one exception, the Plaintiff, Mr. Keith, has the burden of proving all the elements of

14 his claims by a preponderance of the evidence.  As to the one element as to which Plaintiff does

15 not have the burden of proof, the Defendant bears the burden to prove that element by a

16 preponderance of the evidence.

17        What does a "preponderance of the evidence" mean?  To establish a fact by a

18 preponderance of the evidence means to prove that the fact is more likely true than not.  A

19 preponderance of the evidence means the greater weight of the evidence.  It refers to the quality

20 and persuasiveness of the evidence, not the number of witnesses or documents.  In determining

21 whether a claim has been proven by a preponderance of the evidence, you should consider the

22 testimony of all witnesses, regardless of who called them.

1    If, after considering all of the evidence, you are satisfied that the party with the burden of

2    proof has carried his burden on that element, then you must find that element to have been

3    proven.  On the other hand, if you find that the evidence in favor of the party with the burden of

4    proof is outweighed by the evidence against that party's position, or that the credible evidence on

5    a given issue is equally divided between the parties—that it is as equally probable that one side is

6    right as it is that the other side is right—then you must decide that issue against the party with

7    the burden of proof.  The party with the burden of proof must do more than simply produce

8    evidence that is equal to the evidence on the other side.  In order to satisfy his burden, he must

9    prove that element by a preponderance of the evidence.  That said, the party with the burden of

10   proof need prove no more than a preponderance.  So, if you find that the scales tip, however

11   slightly, in favor of the party with the burden of proof—that what he claims is more likely true

12   than not, even by just a little—then that element will have been proven by a preponderance of the

13   evidence.

14       **F.    What Is and Is Not Evidence**

15       I want to take a moment to describe to you what is and is not evidence in this case.  As I

16   have said, you must rely only on evidence in your deliberations.  The evidence in this case is the

17   sworn testimony of the witnesses and the exhibits that were received in evidence.  Other things

18   are not evidence.

19       1.    A question by a lawyer is not evidence.  The witnesses' answers are evidence, not

20              the questions.  Similarly, documents that lawyers provided to witnesses to refresh

21              their recollection are not evidence; only the witnesses' answers are evidence.

22       2.    Arguments by lawyers are not evidence.  What the attorneys said in their

23              opening statements and in their summations was intended to help you

6

1      understand the evidence and to reach a verdict.  If your recollection of the

2      facts differs from the attorneys' statements, it is your recollection that

3      controls.

4      3.      Statements that I may have made concerning the evidence are not

5      evidence.

6      4.      Testimony that has been stricken or excluded is not evidence, and it may

7      not be considered by you in rendering your verdict.

8      5.      Anything you may have seen or heard outside the courtroom is not

9      evidence.

10     Now I will discuss what is evidence.  Evidence may come in two forms:

11     1.      The sworn testimony of witnesses, regardless of who called the witness,

12     is evidence.  This is true of the witnesses' answers on both direct and

13     cross examination.

14     2.      The exhibits that were admitted during the trial are evidence.

15     **G.      Direct and Circumstantial Evidence**

16     Generally, there are two types of evidence that you may consider in reaching your verdict

17     – direct and circumstantial.

18     Direct evidence is testimony by a witness about something he or she knows by virtue of

19     his or her own senses – something that he or she has done, seen, felt, touched or heard.  For

20     example, if a witness testified that on the day in question she was in her office, and she could see

21     that it was raining all day, then that would be direct evidence about the weather on that day.

22     Circumstantial evidence is evidence of one fact from which you may infer the existence

23     of other facts.  For example, assume that a witness testified that his office does not have a

7

1    window.  On the day in question, however, he saw numerous people coming into the office with

2    wet raincoats and carrying dripping umbrellas.  That testimony about the wet raincoats and

3    dripping umbrellas is circumstantial evidence that it was raining that day.  So even though you

4    have no direct evidence regarding the weather, you have circumstantial evidence that it was

5    raining.

6         With circumstantial evidence, you must be careful to draw reasonable inferences that

7    reflect all of the evidence.  For example, if you live in the city and wake up in the morning and

8    see that the sidewalk is wet but the street is dry, it is not reasonable to infer that it rained last

9    night.  Instead, a more reasonable inference is that the building staff has hosed down the

10    sidewalk.

11         That is all there is to circumstantial evidence.  You infer on the basis of reason and

12    common sense from one fact (in my first example, dripping rain coats and umbrellas) the

13    existence or non-existence of some other fact (in that case, rainy weather).  When circumstantial

14    evidence is presented, it is of no less weight than direct evidence.

15    **H.    Witness Credibility**

16         You have had the opportunity to observe the witnesses.  You are the sole judges of the

17    credibility of each witness and of the importance of his or her testimony.  Decide what testimony

18    to believe and what not to believe.  Consider: each witness's demeanor and manner of testifying;

19    the witness's opportunity to see, hear and know about the events described; the witness's ability

20    to recall and describe those things; and the reasonableness of the testimony in light of all of the

21    other evidence in the case.  Consider whether part of a witness's testimony was contradicted or

22    supported by other testimony, by what the witness said or did on a prior occasion, or by the

23    testimony of other witnesses or by other evidence.  Consider whether the witness had an

1    opportunity to observe the facts he or she testified about, and whether the witness's recollection

2    of the facts stands up in light of the other evidence in the case.

3        If you find that a witness has willfully testified falsely as to an important matter, you may

4    disregard the witness's entire testimony, or you may accept as much of the testimony as you find

5    to be true and disregard what you find to be false.  A witness may have been mistaken or may

6    have lied in part of his or her testimony while having been accurate and truthful in other parts.

7        Going back to witnesses generally, you should consider whether a witness had an

8    opportunity to observe the facts he or she testified about.  You should also consider whether the

9    witness's recollection of the facts stands up in light of the other evidence in the case.  In other

10   words, what you must do in deciding credibility is to size up a person just as you would in any

11   important matter in your own life where you are trying to decide if a person is truthful,

12   straightforward and accurate in his or her recollection.

13   **I.    Bias of Witnesses**

14       In deciding whether to believe a witness, you should take into account any evidence that

15   shows that the witness may benefit in some way from the outcome of the case, such as a legal,

16   financial or personal interest.  Any such witness is called an "interested witness."  In this case,

17   the Plaintiff, Mr. Keith, and the Defendants, Sgt. Hart and Detective Savage, testified.  As parties

18   to the case, they are all interested witnesses.

19       It is your duty to consider whether the witness has permitted any such bias or interest to

20   color his or her testimony.  If you find that a witness is biased, you should view his or her testimony

21   with caution, weigh it with care and subject it to close and searching scrutiny.

22       Of course, the mere fact that a witness is interested in the outcome of the case does not

23   mean the witness has not told the truth.  It is for you to decide from your observations and

9

1   applying your common sense and experience and all the other considerations mentioned whether

2   the possible interest of a witness has intentionally or otherwise colored or distorted the witness's

3   testimony.  You are not required to believe or disbelieve an interested witness; you may accept

4   as much of the testimony as you deem reliable and reject as much as you deem unworthy of

5   belief.

6   **J.     Tape Recordings**

7       I received into evidence videos that were made of the incident at issue in this trial and I

8   allowed witnesses to testify about what they saw and heard in the videos.  I admitted their

9   testimony about what they saw and heard as an aid to your ability to determine what is depicted

10  on the video and what is captured in the audio.  Ultimately, however, the evidence is what you

11  see and hear.

12  **K.     All Available Evidence Need Not Be Produced**

13      The law does not require a party to call as witnesses all persons who may have been

14  involved in the case or who may appear to have some knowledge of the matters at issue at this

15  trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned

16  during the case.

17      Each party has had an equal opportunity or lack of opportunity to call any witness.

18  Therefore, you should not draw any inference or reach any conclusions as to what any uncalled

19  witnesses would have said if the witness had been called.  The absence of any witness should not

20  affect your judgment in any way.

21  **L.     Impeachment**

22      Evidence of a prior inconsistent statement in a document or deposition testimony may not

23  be considered by you as affirmative evidence in determining liability.  Evidence of a prior

10

1    inconsistent statement was introduced for the more limited purpose of helping you decide

2    whether to believe the trial testimony of the witness who contradicted himself.  If you find that

3    the witness made an earlier written or sworn statement that conflicts with his trial testimony, you

4    may consider that fact in deciding how much of that witness's trial testimony, if any, to believe.

5            **M.     Law Enforcement Witnesses**

6            You have heard testimony from witnesses who are law enforcement officers.  The fact

7    that a witness may be employed as a law enforcement official or employee does not mean that

8    his or her testimony is deserving of more or less consideration, or greater or lesser weight, than

9    that of a witness who is not law enforcement.  It is for you to decide, after reviewing all the

10   evidence, whether to accept the testimony of a law enforcement witness, and what weight to give

11   the testimony.

12   **III.        SUBSTANTIVE INSTRUCTIONS**

13           With those general instructions in mind, let us turn to the substantive law to be applied in

14   this case.

15           **A.     Overview of Plaintiff's Claims**

16           Plaintiff alleges that his Constitutional rights were violated when he was falsely arrested;

17   when excessive force was used during the course of that arrest; and when his fair trial right was

18   interfered with.  Defendants deny Plaintiff's claims.  They contend that there was probable cause

19   to arrest Plaintiff; that any force used to effectuate the arrest was reasonable; and that Plaintiff's

20   fair trial right was not interfered with.

21           You must consider each claim and each Defendant separately and must evaluate each on

22   the evidence or lack of evidence that relates to that claim.  With one exception that I will explain

23   in a moment, Plaintiff must establish all of the elements of a claim before you can find a

11

1   Defendant to be liable.  If any one element is not met as to a Defendant, then you must return a

2   verdict in favor of that Defendant on that claim.

3   **B.    Elements of the Claims**

4   As to each claim, Plaintiff must prove, by a preponderance of the evidence, each of the

5   following three elements:

6   <u>First</u>, that the Defendant was acting under color of state law when he committed the act

7   about which Plaintiff complains;

8   <u>Second</u>, that Defendant's conduct was the proximate cause of the injuries and damages

9   sustained by Plaintiff; and

10   <u>Third</u>, that when committing that act, the Defendant deprived Plaintiff of rights secured

11   by the United States Constitution.

12   **1.    Acting Under Color of State Law**

13   The first element of Plaintiff's claims is that the conduct complained of was committed

14   by the Defendant acting under color of state law.

15   Acting "under color of state law" means that the Defendant was acting pursuant to

16   authority given to him by the state, even if he was misusing that authority.  In this case, neither

17   party disputes that the Defendants were acting in their official capacities as NYPD officers and,

18   therefore, that they were acting under color of state law.  Accordingly, the Plaintiff has satisfied

19   his burden of proof as to this element for all of his claims.

20   **2.    Proximate Cause**

21   The second element that the Plaintiff must prove is that the Defendant's wrongful acts

22   were the proximate cause of any injuries sustained by Plaintiff.

1       An act is the proximate cause of an injury if it was a substantial factor in bringing about

2   the injury; that is, if the injury or damage was a reasonably foreseeable consequence of the

3   Defendant's actions.  If an injury was a direct result or a reasonably probable consequence of a

4   Defendant's wrongful acts, then it was proximately caused by such acts.

5       **3.**      **Deprivation of a Federal Right**

6       The final element that the Plaintiff must prove is that the Defendant deprived him of a

7   federal right.  Plaintiff claims that he was deprived of his Fourth Amendment rights (a) not to be

8   arrested without probable cause and (b) not to be subjected to excessive force during an arrest;

9   and his Sixth Amendment right to a fair trial.

10       Proving the deprivation of a federal right has two aspects.  Plaintiff must prove, first, that

11   the Defendant intentionally committed the acts alleged by the Plaintiff and, second, that the

12   complained of act deprived the Plaintiff of a federal right.

13       As to the first aspect, an act is done intentionally if it is done voluntarily and deliberately

14   and not by reason of mistake, accident, negligence or some other innocent reason.

15       The second aspect – that the Defendant deprived him of a constitutional right – requires a

16   separate analysis as to each Defendant and as to each claim.

17       **a.  False Arrest (Hart only)**

18       Under the United States Constitution, no person can be arrested unless there is probable

19   cause to support the arrest.  There is no dispute in this case that Plaintiff was arrested.  The

20   question for you to decide is whether there was probable cause for that arrest.

21       Probable cause exists if the arresting officer has a reasonable belief, founded on

22   reasonable inquiry and experience, that the person being arrested committed, is committing, or is

23   about to commit a crime.  Probable cause can exist even if it is based on mistaken information,

13

1    so long as the arresting officer acted reasonably in relying upon that information.  On this

2    question, and on this question alone, it is Defendant Hart's burden to prove by a preponderance

3    of the evidence that there was probable cause to arrest the Plaintiff.

4         Hart claims that he had probable cause to arrest the Plaintiff for four crimes that were

5    contained in the criminal complaint: disorderly conduct, harassment, obstruction of government

6    administration, and resisting arrest.  It is not necessary that Hart had probable cause to arrest the

7    Plaintiff for any or all of the offenses with which Plaintiff was actually charged so long as Hart

8    had probable cause to arrest him for some criminal offense.  An arrest made with probable cause

9    for any offense, whether it is ultimately charged or not, is lawful.

10        If you find that probable cause existed for any of the crimes I am about to describe, then

11   you must find in favor of the Defendants with respect to Plaintiff's false arrest claim.  You do

12   not need to be unanimous as to which crime probable cause existed for, but you must be

13   unanimous that probable cause existed for a crime.

14        Under New York law, a person commits disorderly conduct when he engages in fighting

15   or in violent, tumultuous or threatening behavior, with the intent to cause public inconvenience,

16   annoyance or alarm, or recklessly creating such a risk.

17        Under New York law, a person commits harassment when he strikes, shoves, kicks or

18   otherwise subjects another to physical contact, or attempts or threatens to do so, with the intent to

19   harass, annoy or alarm the other person.

20        Under New York law, a person unlawfully obstructs governmental administration when

21   he intentionally obstructs, impairs or perverts the administration of law or other governmental

22   function or prevents or attempts to prevent a public servant from performing an official function,

14

1    by means of intimidation, physical force or interference, or by means of any independently

2    unlawful act.

3          Under New York law, a person commits the offense of obstructing emergency medical

4    services when he intentionally and unreasonably obstructs the efforts of emergency medical

5    technicians in the performance of their duties.

6          Under New York law, a person resists arrest when he intentionally prevents or attempts

7    to prevent a police officer from effecting an authorized arrest of himself or another person.  If the

8    only crime for which you find that probable cause existed is resisting arrest, then you must find

9    that Hart has not proven that probable cause existed.  This is because a person has a right to resist

10   an unlawful arrest with reasonable force.

11         If you find that Defendant Hart has proven by a preponderance of the evidence that he

12   had probable cause to arrest Plaintiff**,** then you must answer Question 1 on your verdict sheet

13   "yes".  If Defendant Hart has failed to prove by a preponderance of the evidence that he had

14   probable cause to arrest Plaintiff for at least one offense, then you must answer Question 1 on

15   your verdict sheet "no".  Either way, you should proceed to Question 2.

1      **b.  Excessive Force (Both Defendants)**

2          The United States Constitution protects persons who are being arrested from being

3      subjected to excessive force during the arrest.  In order to effectuate an arrest, a law enforcement

4      officer may employ the amount of force, if any, that is reasonably necessary under the

5      circumstances in order to make the arrest.  To prove his claim of excessive force, Plaintiff must

6      prove that the defendant recklessly or intentionally used force against him.  I have previously

7      charged you on what it means to act intentionally and that instruction applies here as well.  An

8      act is done recklessly if it is done in conscious disregard of its known probable consequences.

9          Plaintiff must also prove that the force used was excessive.  Force is excessive if it is

10     objectively unreasonable in light of the facts and circumstances confronting the officer at the

11     time.  In other words, you must determine whether the amount of force used by the Defendant

12     was that which a reasonable officer would have employed under similar circumstances.  Whether

13     the Defendant had good intentions or bad intentions has no bearing on whether the use of force

14     was reasonable or excessive.

15         In making this determination, you must take into account the totality of the

16     circumstances.  You must not make this determination, however, by considering how the facts

17     appear when assessed with 20/20 hindsight.  Not every push or shove by a police officer,

18     including force that results in injury, constitutes excessive force, even if it may later seem to

19     have been unnecessary when viewed in the peace and quiet of the courtroom.  That said, even

20     moderate force can be excessive it was objectively unreasonable.  Factors you may consider in

21     determining whether the force used was excessive include, but are not limited to, the relationship

22     between the need for the use of force and the amount of force used; the extent of the Plaintiff's

23     injury; any effort made by the Defendant or another police officer to temper or to limit the

16

1   amount of force used; the severity of the crime at issue; any threat reasonably (even if

2   mistakenly) perceived by the Defendant; and whether the Plaintiff was actively resisting a lawful

3   arrest.

4        If you find that Plaintiff has proved by a preponderance of the evidence that a Defendant

5   violated his right not to be subjected to excessive force and that Defendants' wrongful conduct

6   was the proximate cause of Plaintiff's injuries, then you will answer Question 2 on your verdict

7   sheet as to that Defendant "yes".  If you find that Plaintiff has failed to prove that a Defendant

8   violated his right not to be subjected to excessive force or that Defendants' wrongful conduct

9   was not the proximate cause of Plaintiff's injuries, then you will answer Question 2 "no" as to

10  that Defendant.  You will proceed to the next claim – failure to intervene – only if you have

11  found that Plaintiff proved that one but not both Defendants violated his right not to be subjected

12  to excessive force.  If you find that Plaintiff failed to prove that either Defendant violated his

13  right not to be subjected to excessive force or if you find that Plaintiff proved both Defendants

14  violated his right not to be subjected to excessive force, skip to Question 4 on your verdict sheet.

15              **c.  Failure to Intervene (Both Defendants)**

16       All law enforcement officials have an affirmative duty to intervene to protect citizens

17  from infringement of their rights by other law enforcement officers occurring in their presence.

18  Therefore, an officer who fails to intervene is liable for the preventable harm caused by the

19  actions of another officer if the first officer either observes or has reason to know that excessive

20  force is being used.  To prove that a Defendant is liable for failing to intervene, Plaintiff must

21  prove the following:

17

1       First, that the other Defendant subjected Plaintiff to excessive force, as I have just

2    described.  Put differently, that you have answered "yes" to Question 2 on your verdict sheet as

3    to the other Defendant.

4       Second, that the Defendant observed or had reason to know that excessive force was

5    being used.

6       Third, that the Defendant had a realistic opportunity to intervene and could have

7    prevented the harm from occurring.  A "realistic opportunity" means that the Defendant had

8    sufficient time to intercede and the ability to prevent some or all of the harm to Plaintiff.

9       Fourth, that the Defendant failed to take reasonable steps to prevent excessive force from

10    being used.

11       If Plaintiff has proven by a preponderance of the evidence that a Defendant failed to

12    intervene to prevent Plaintiff from being subjected to excessive force, then you will enter that

13    Defendant's last name in the blank space in Question 3 on your verdict sheet and answer

14    Question 3 "yes."  If Plaintiff has failed to prove that a Defendant failed to intervene, then you

15    will answer "no" to Question 3.  Either way, you will proceed to Question 4.

16       **d.  Fair Trial Right (Hart Only)**

17       The Constitution guarantees all criminal defendants the right to a fair trial.  To prove that

18    Hart violated this right, Plaintiff must prove:

19       First, that during the course of an investigation Hart intentionally created false

20    information;

21       Second, that the false information Hart created was likely to influence a jury's decision

22    on whether Plaintiff was guilty or not guilty of a crime;

23       Third, that Hart provided the false information to a prosecutor; and

18

1      Finally, that Plaintiff suffered a deprivation of liberty as a result of the false information

2 Hart provided to the prosecutor.

3      I have previously charged you on what it means to act intentionally and that definition

4 applies here as well.

5      False information is likely to influence a jury's decision if the false information is

6 material or important to the charges against the person.  It is not necessary for the Plaintiff to

7 prove that the false information was ever actually presented to a judge or jury or that the Plaintiff

8 was ever brought to trial.  It is sufficient for Plaintiff to prove that the information would have

9 been important to a jury had it been used against Plaintiff during a court proceeding.

10      As to the final element, a person suffers a deprivation of liberty when he is incarcerated,

11 even for a short period of time.  A party who is obligated to appear in court, post-arrest, in

12 connection with criminal charges also suffers a deprivation of liberty.   As to this count, it is

13 irrelevant whether there was probable cause to arrest the Plaintiff.  Put differently, if Plaintiff has

14 proven all the elements of this claim, you can find that Plaintiff's fair trial right was violated

15 even if you found that there was probable cause for his arrest.

16      If you find that Plaintiff has proven by a preponderance of the evidence that Defendant

17 Hart interfered with his right to a fair trial, then you will answer Question 4 on your verdict sheet

18 "yes."  If you find that Plaintiff has failed to prove that Defendant Hart interfered with his right

19 to a fair trial, then you will answer Question 4 on your verdict sheet "no."

20      If you answered Question 1 on your verdict sheet "yes" *and* answered Question 2 as to

21 both Defendants "no" *and* answered Question 4 "no," your deliberations are complete.  The

22 foreperson should review the verdict sheet, sign it and give the marshal who will be outside the

23 door a note stating that you have reached a verdict.  Otherwise, proceed to Question 5.

1        **C.      Damages**

2            I am next going to instruct you on damages, but you should not assume that means that

3    Plaintiff is entitled to recover damages.  As you will see from the verdict form, you will consider

4    damages only if you have first found that the Plaintiff has proven, by a preponderance of the

5    evidence, all of the elements of one or more of his claims as to one or both Defendants.  I am

6    instructing you on damages now so that you will have guidance if, but only if, you first decide

7    that one or both of the Defendants is liable to the Plaintiff.

8            You should not award compensatory damages more than once for the same injury.  For

9    example, if the Plaintiff were to prevail on two claims and establish that his injury for those two

10    claims was worth $100, you could not award him $100 in compensatory damages on each claim

11    – he is only entitled to be made whole, not to recover more than he lost.  Thus, if you decide that

12    both Defendants are liable for using excessive force, that is, if you answer Question 2 "yes" as to

13    both Defendants, or if you decide that one Defendant used excessive force and the other failed to

14    intervene to prevent the use of excessive force, then you must simply determine the overall

15    amount of damages for the injuries Plaintiff suffered, without breaking that figure down into

16    individual percentages.

17            Plaintiff has the burden of proving by a preponderance of the evidence that he is entitled

18    to damages.

19        **1.      Compensatory Damages**

20            If you determine that one or both Defendants violated Plaintiff's constitutional rights,

21    then the Plaintiff is entitled to an award of compensatory damages.  You must award him the

22    amount of money that you believe will fairly and justly compensate him for any injury you

23    believe he actually sustained as a direct consequence of one or both of the Defendants' conduct.

1    The purpose of compensatory damages is to compensate the Plaintiff for the actual injuries he

2    suffered, not to punish the Defendants.  Therefore, you must award damages only for those

3    actual injuries that are a proximate result of the conduct by the Defendant that violated Plaintiff's

4    constitutional rights.  You may not award Plaintiff damages for any injury that existed prior to

5    the events at issue, or for any injury from which he suffered that was not caused by the violations

6    of his rights at issue in this case.

7        A plaintiff who prevails is entitled to compensatory damages for any physical injury, for

8    pain and suffering, loss of liberty, and expenses caused by the misconduct of the Defendant.

9    Pain and suffering means any physical or mental suffering, including mental anguish, loss of

10   enjoyment of life, or emotional suffering or any resultant physical ailment.  There is no

11   requirement that evidence of the monetary value of such intangible things as loss of liberty or

12   physical pain or mental suffering be introduced into evidence.  There is no exact standard for

13   fixing the compensation to be awarded.  Compensatory damages must be fair and reasonable,

14   and neither inadequate nor excessive.  You should not award compensatory damages for

15   speculative injuries or based on sympathy or guesswork, but only for those injuries that the

16   Plaintiff has actually proven he suffered.  On the other hand, the law does not require Plaintiff to

17   prove the amount of his losses with mathematical precision but with only as much definiteness

18   and accuracy as the circumstances permit.

19       In all instances, you are to use sound discretion in fixing an award of damages, drawing

20   reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

21   If you find that Plaintiff has proven an amount of money that would fairly and adequately

22   compensate him for his actual damages from the constitutional violations that you have found,

23   you will answer "Yes" on the verdict sheet and enter the amount of damages he has proven in the

21

1    space provided.   If you find that Plaintiff has not proven an amount of money that would fairly

2    and adequately compensate him for his actual damages, you will answer "No" on the verdict

3    sheet and proceed to consider nominal damages.

4         **2.      Nominal Damages**

5         Nominal damages must be awarded when a plaintiff has been deprived by a defendant of

6    a constitutional right but has suffered no actual damage as a result.  If you find in favor of the

7    Plaintiff as to liability, but find that Plaintiff has failed to prove by a preponderance of the

8    evidence that he suffered any actual damages from the particular violation (for example, if you

9    find that the injuries Plaintiff suffered by reason of the Defendants' misconduct have no

10   monetary value or were insufficiently serious to justify compensation, or, if you are unable to

11   compute compensatory damages except by engaging in pure speculation and guessing), then you

12   must return an award of damages in some nominal or token amount not to exceed one dollar.

13   The amount of such nominal damages shall be entered in the spaces provided on the verdict

14   sheet.  You may not award both nominal and compensatory damages to the Plaintiff for the same

15   violation of his rights; either he experienced actual damages from the particular violation, in

16   which case you must award compensatory damages, or he did not, in which case you must award

17   nominal damages.

18        **3.      Punitive Damages**

19        In addition to compensatory or nominal damages, if you find in favor of the Plaintiff as to

20   liability, you may choose to make a separate and additional award of punitive damages.  Punitive

21   damages are awarded to punish a defendant for extreme or outrageous conduct, or to deter or

22   prevent a defendant or others like him from committing such conduct in the future.  Punitive

1    damages may only be awarded against a defendant who acted maliciously or wantonly, that is,

2    with reckless or callous disregard of, or indifference to, the rights of others.

3         An award of punitive damages is discretionary.  If you find that the Plaintiff has proven

4    by a preponderance of the evidence that one or both Defendants violated his constitutional rights

5    and did so maliciously or wantonly, then you may decide to award punitive damages as to that

6    Defendant or you may decide not to award them.  In deciding whether to award punitive

7    damages, you should consider whether the Defendant in question will be adequately punished by

8    an award of compensatory damages only, or whether his conduct was so extreme and outrageous

9    that compensatory damages are inadequate to punish his wrongful conduct.  You should also

10   consider whether compensatory damages standing alone are likely to deter or prevent the

11   Defendant from again committing wrongful acts or whether punitive damages are necessary to

12   provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or

13   prevent other persons from committing wrongful acts similar to those you find the Defendant

14   committed.

15        You should always bear in mind that punitive damages may be awarded only if you have

16   first unanimously awarded the Plaintiff a verdict for compensatory or nominal damages as to that

17   Defendant.

18        As with compensatory damages, you must make individualized determinations of

19   whether punitive damages are warranted against each Defendant.  The fact that punitive damages

20   may be appropriate as to one Defendant does not mean that they are necessarily appropriate as to

21   the other Defendant.

22        Lastly, if you decide that punitive damages should be awarded against at least one

23   Defendant in this case, the sum of money to be awarded as punitive damages will be determined

1   in a separate phase of this trial. In other words, if you render a verdict that Plaintiff should

2   receive punitive damages, the parties will present evidence about the sum of money they think is

3   appropriate. All you are required to do at this time is determine whether the requirements for

4   awarding punitive damages have been met, and whether, in your discretion, punitive damages

5   should be awarded in this case. In response to Question 14 on your verdict sheet, indicate

6   whether punitive damages should be awarded against either or both Defendants.

7           **4.**        **Taxes and Attorneys' Fees**

8          If you make an award of damages, such an award is not subject to federal or state income

9   taxes and you should not consider the impact of such taxes in determining the amount of

10   damages. Also, you should not concern yourselves with what Plaintiff will have to pay his

11   attorneys for fees or expenses; federal law provides for a separate award of attorneys' fees

12   should the Plaintiff prevail, in an amount to be determined by the Court.

13   **IV.**    **FINAL INSTRUCTIONS**

14           **A.**        **Right to See Exhibits and Hear Testimony; Communications with Court**

15          You are about to begin your deliberations. If during your deliberations you want any of

16   the testimony read back to you, you may request that. Any communication with the Court must

17   be in writing, signed by your foreperson, and given to the marshal, who will be outside the door.

18   Please remember that it is not always easy to locate what you might want read, so please be as

19   specific as possible when you request portions of the testimony to be read. If you want any

20   further explanation of the law, you may also request that. If you have any question about the

21   meaning of any part of the instructions that I have given you during this trial, you should not

22   hesitate to send me a note asking for clarification.

1        It is very important that you not communicate with anyone outside the jury room about

2   your deliberations or about anything touching this case.  There is only one exception to this rule.

3   If it becomes necessary during your deliberations to communicate with me, you should send a

4   note to me, in writing, signed by your foreperson, and give it to one of the marshals or to Ms.

5   Caliendo.  No member of the jury should ever attempt to communicate with me except by a

6   signed writing, and I will never communicate with a member of the jury on any subject touching

7   on the merits of the case other than in writing, or orally here in open court.  If you send any notes

8   to the Court, do not disclose anything about your deliberations.  Specifically, do not disclose to

9   anyone – not even to me – how the jury stands, numerically or otherwise, until after you have

10  reached a unanimous verdict or have been discharged.

11  **B.      Notes**

12       Some of you have taken notes periodically throughout this trial.  I want to emphasize to

13  you that notes are simply an aid to memory.  A juror's notes may not be given any greater weight

14  or influence in deciding the case than the recollections of other jurors with respect to the

15  evidence presented.  Any difference between a juror's recollection and another juror's notes

16  should be settled by asking to have the court reporter read back the transcript, because it is the

17  court record that the jury must rely on when rendering a verdict.

18  **C.      Duty to Deliberate / Unanimous Verdict**

19       You will now retire to decide your verdict.

20       Your verdict as to each question on the verdict sheet must be unanimous.  Each juror is

21  entitled to his or her opinion, but you are also required to exchange views with your fellow

22  jurors.  That is the very essence of jury deliberation.  If you have a point of view and after

23  discussing it with the other jurors it appears that your own judgment is open to question, then of

1    course you should not hesitate to yield your original point of view if you are convinced that the

2    other view is one that satisfies your judgment and conscience.  Do not give up a point of view

3    that you conscientiously believe simply because you are outnumbered, however.  You should

4    vote with the others only if you are convinced on the evidence, the facts, and the law that it is the

5    correct way to decide the issue.  After any breaks or when you arrive in the morning if your

6    deliberations last more than one day, do not begin to discuss the case until all jurors are present.

7          **D.      Selecting a Foreperson and the Foreperson's Duties**

8          The first thing you should do when you retire to deliberate is to select one of you to act as

9    your foreperson.  Traditionally, Juror #1 is the foreperson, but that is only tradition.  You are free

10   to select any of your members as your foreperson.

11         **E.      Verdict Form and Return of Verdict**

12         Once you have reached your verdict, you will record your decisions on the verdict form

13   that I have prepared for you.  You should proceed through the questions in the order in which

14   they are listed.  The foreperson should complete the verdict sheet, date it, and sign it.  The

15   foreperson should then give a note to the marshal outside your door stating that you have reached

16   a verdict.  Do not specify what the verdict is in your note.  The foreperson should keep the

17   verdict sheet until I ask for it.  You must all be in agreement with the verdict that is announced in

18   court.

19         **F.      Exceptions**

20         Please remain seated while I confer with the attorneys.

21                              [Confer at sidebar]

22                              [Swear the Marshal]

26

1    **G.    Oath**

2         I remind you that at the very beginning of the case you took an oath.  Your oath sums up

3    your duty.  You must well and truly try the matters in issue and render a true verdict according to

4    the law and the evidence.

5                              #                    #                    #

6         You may now retire to the jury room and begin your deliberations.

7